## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **ASHONTA CHARLES, ALI CLAYTON, LUIS ESPINEIRA, RODNEY GEORGE, ROBERT GREENE, CRAIG HARRIS, SAMANTHA MISSAGHY, TYLER MORELAND, ANGELA REDIC, SLOANE SOMMERS, and MICHAEL TOOMLEY,** | § § § § § § § § § | |
| *Plaintiffs*, | § § | **CIVIL ACTION NO. 5:23-cv-00144** |
| **v.** | § § | |
| **DANNY CROCKER, BCSFM, LLC, and BCS MANAGEMENT GROUP, LLC,** | § § § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs  ASHONTA CHARLES, ALI CLAYTON, LUIS ESPINEIRA, RODNEY GEORGE, ROBERT GREENE, CRAIG HARRIS, SAMANTHA MISSAGHY, TYLER MORELAND, ANGELA REDIC, SLOANE SOMMERS, and MICHAEL TOOMLEY ("Plaintiffs") bring this action to recover unpaid wages against DANNY CROCKER, BCSFM, LLC, and BCS MANAGEMENT GROUP, LLC (collectively, "Defendants") and would respectfully show as follows:

### I.    INTRODUCTION

1.    Plaintiffs are former employees of a group of entities founded, owned, and managed by Defendant DANNY CROCKER, including but not necessarily limited to Defendants BCSFM, LLC and/or BCS MANAGEMENT GROUP, LLC (collectively "BCS"). Plaintiffs contend that

due primarily to Mr. Crocker's mismanagement and/or misappropriation of BCS funds, Defendants ceased paying legally- and contractually-owed wages and benefits to Plaintiffs in September 2022. Accordingly, Plaintiffs bring these claims under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Texas state common law to recover unpaid wages and benefits.

## II.    PARTIES

2.    Plaintiff ASHONTA CHARLES is an individual residing in Ramsey County, Minnesota.

3.    Plaintiff ALI CLAYTON is an individual residing in Dallas County, Texas.

4.    Plaintiff LUIS ESPINEIRA is an individual residing in Suffolk County, New York.

5.    Plaintiff RODNEY GEORGE is an individual residing in Cass Couty, Texas.

6.    Plaintiff ROBERT GREENE is an individual residing in Collin County, Texas.

7.    Plaintiff CRAIG HARRIS, is an individual residing in Collin County, Texas.

8.    Plaintiff SAMANTHA MISSAGHY is an individual residing in Dallas County, Texas.

9.    Plaintiff TYLER MORELAND is an individual residing in Bowie County, Texas.

10.    Plaintiff ANGELA REDIC is an individual residing in Dallas County, Texas.

11.    Plaintiff SLOANE SOMMERS is an individual residing in Maricopa County, Arizona.

12.    Plaintiff MICHAEL TOOMLEY is an individual residing in Allegheny County, Texas.

13.    Defendant DANNY CROCKER is an individual residing in this judicial district whose last known address is 1082 County Road 3884, Queen City, Texas 75572.

14.     Defendant BCSFM, LLC is a domestic limited liability company whose principal place of business is located at 2900 St. Michael Drive, Ste. 500 Texarkana, Texas 75503. It may be served with process via its registered agent, Danny Crocker, at that address.

15.     Defendant BCS MANAGEMENT GROUP, LLC is a domestic limited liability company whose principal place of business is located at 2900 St. Michael Drive, Ste. 500 Texarkana, Texas 75503. It may be served with process via its registered agent, Danny Crocker, at that address.

### III.     JURISDICTION & VENUE

16.     This Court has subject matter jurisdiction over the federal statutory claims described herein pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 206, 207. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims over which this court has original jurisdiction that they form part of the same case or controversy.

17.     This Court has personal jurisdiction over all Defendants, each of whom reside and do significant business in the State of Texas.

18.     This Court is a proper venue pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### IV.     FACTS

19.     Mr. Crocker is the founder, sole owner, and sole managing member of BCS.

20.     The various entities under Mr. Crocker's ownership and control, including BCS, share a significant degree of overlap with respect to their management, ownership, and administration.

21.     Plaintiffs are former employees of BCS and/or Mr. Crocker.

22.    Each Plaintiff entered into an agreement with BCS and/or Mr. Crocker to perform work for BCS in exchange for wages and employment benefits.

23.    These employment benefits included contributions to employer-sponsored 401(k) and medical plans.

24.    Each Plaintiff fully performed in accordance with their respective employment agreements.

25.    In mid-2022, Plaintiffs began receiving calls from the vendors of BCS demanding payment for submitted invoices.

26.    According to the vendors, some of these purportedly unpaid invoices were over a year old.

27.    When Plaintiffs attempted to discuss these unpaid invoices with Mr. Crocker, he insisted that he and/or BCS would be taking out commercial loans to pay the invoices and "get caught up".

28.    Mr. Crocker also insisted that BCS would remain financially viable based on "a big account starting up with [BCS]," and that BCS was moving in "a positive direction".

29.    Soon thereafter, Mr. Crocker stopped coming into work at BCS and declined to respond to any emails or phone calls from Plaintiffs.

30.    In October 2022, Plaintiffs were informed by BCS's Acting Director of Finance that BCS could no longer meet its payroll obligations because Mr. Crocker had withdrawn all money from BCS's bank accounts.

31.    Accordingly, Plaintiffs have not received any compensation for their work performed after approximately September 10, 2022.

32.    Both Plaintiffs and BCS were consistently engaged in commerce during that time.

33.     Plaintiffs further discovered that BCS had not made the above-referenced 401(k) contributions for several months.

34.     As of the filing of this Original Complaint, Plaintiffs have received no notice from BCS or Mr. Crocker that they have been terminated, nor that BCS has ceased doing business, nor that BCS is insolvent.

## V.     CAUSE OF ACTION ONE – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

35.     Plaintiffs incorporate all prior and subsequent paragraphs into this subsection as if set forth verbatim herein.

36.     Section 6 of the FLSA requires an employer to "pay to each of his employees who in any workweek is engaged in commerce…or is employed in an enterprise engaged in commerce…wages at…$7.25 an hour[.]" 29 U.S.C. § 206(a).

37.     Plaintiffs and BCS were engaged in commerce at all relevant times herein.

38.     BCS failed to pay Plaintiffs any wage for any hours worked after approximately September 10, 2022, even though Plaintiffs performed significant work on behalf of BCS and/or Mr. Crocker after this date.

39.     As a direct and proximate cause of Defendants' violations of the FLSA's minimum wage protections, Plaintiffs incurred the damages set forth below.

## VI.    CAUSE OF ACTION TWO – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

40.     Plaintiffs incorporate all prior and subsequent paragraphs into this subsection as if set forth verbatim herein.

41.     Section 7 of the FLSA forbids an employer from "employing any of his employees who in any workweek is engaged in commerce…or is employed in an enterprise engaged in

commerce…for a workweek longer than forty hours unless such employee receives compensation…in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

42.     Plaintiffs and BCS were engaged in commerce at all relevant times herein.

43.     Although Plaintiffs worked more than 40 hours for BCS and/or Mr. Crocker in the workweeks following the week beginning on or around September 10, 2022, BCS paid no wages to any employees during this time.

44.     As a direct and proximate cause of Defendants' violations of the FLSA's overtime protections, Plaintiffs incurred the damages set forth below.

## VII.     CAUSE OF ACTION THREE – BREACH OF CONTRACT IN VIOLATION OF TEXAS COMMON LAW

45.     Plaintiffs incorporate all prior and subsequent paragraphs into this subsection as if set forth verbatim herein.

46.     BCS and Plaintiffs entered into valid and enforceable employment contracts whereby, in exchange for wages and benefits, Plaintiffs would perform work for BCS and/or Mr. Crocker.

47.     Plaintiffs fully performed their obligations under such employment contracts.

48.     Defendants breached the contract by refusing to pay Plaintiffs the agreed-upon wages and benefits as of September 2022.

49.     As a direct and proximate cause of Defendants' breaches of contract, Plaintiffs incurred the damages set forth below.

## VIII.     DAMAGES

50.     Plaintiffs incorporate all prior and subsequent paragraphs into this subsection as if set forth verbatim herein.

51.     Because of Defendants' above-described unlawful conduct, Plaintiffs have incurred, and seek recovery of, economic and noneconomic damages, including but not necessarily limited to: (a) unpaid base wages; (b) unpaid overtime wages; (c) unpaid employment benefits; (d) loss of earning capacity; (e) damage to reputation; (f) mental anguish; (g) emotional distress; (h) incidental damages; and (i) consequential damages.

52.     Defendants' refusal to abide by the FLSA required Plaintiffs to retain undersigned counsel to prosecute their claims before this Court. Accordingly, pursuant to 29 U.S.C. § 216(b), Plaintiffs also seeks attorney's fees and costs incurred in pursuing their FLSA claims.

## IX.     JURY DEMAND

53. Plaintiff demands a trial by jury.

## X.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and that, upon jury trial, that judgment be entered in their favor against Defendants awarding Plaintiff the following relief:

(a) economic and noneconomic damages as set forth above;

(b) liquidated damages pursuant to 29 U.S.C. § 216(b) as set forth above;

(c) attorney's fees and costs pursuant to 29 U.S.C. § 216(b), as set forth above; and

(d) any and all other remedies to which Plaintiff is entitled, whether at law or in equity.

DATED: NOVEMBER 22, 2023

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**
2901 Bee Cave Rd., Suite G
Austin, TX 78746
Phone: (512) 553-9390
Fax: (512) 692-2788

/s/ *Trenton Lacy*
Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Trenton Lacy
Texas Bar No. 24106176
tlacy@kaplanlawatx.com

**COUNSEL FOR PLAINTIFFS**