## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| ASHONTA CHARLES, ALI CLAYTON, LUIS ESPINEIRA, JERRY FRANKLYN, RODNEY GEORGE, ROBERT GREENE, CRAIG HARRIS, SAMANTHA MISSAGHY, KIMBERLEY MOORE, TYLER MORELAND, ANGELA REDIC, SLOANE SOMMERS, and MICHAEL TOOMEY, <br>     *Plaintiffs*, <br><br> v. <br><br> DANNY CROCKER, BCSFM, LLC, and BCS MANAGEMENT GROUP, LLC, <br>     *Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:23-cv-00144 |

## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS

**TO THE HONORABLE COURT**

Ashonta Charles, Ali Clayton, Luis Espineira, Jerry Franklyn, Rodney George, Robert Greene, Craig Harris, Samantha Missaghy, Kimberley Moore, Tyler Moreland, Angela Redic, Sloane Sommers, and Michael Toomey, Plaintiffs in the above-referenced matter, asks the Court to allow alternative service of process on Defendants Danny Crocker, BCSFM, LLC and BCS Management Group, LLC and in support thereof would show the following:

### I.
### FACTS

1.      On December 6, 2023, Plaintiffs filed their original complaint in this matter. (Dkt. No. 1). After filing suit, Plaintiffs retained a private process service company to effect service on the Defendants of the summons and complaint.

2.      After attempts to serve Defendants proved unsuccessful, Plaintiffs filed a Motion for Alternative Service of Process, which the Court granted on April 11, 2024. (Dkt. No. 5). Plaintiffs completed service of the Original Complaint on June 12, 2024. (Dkt. No. 7).

3.      In the months that followed, multiple additional Plaintiffs joined this cause, which gave rise to the filing of multiple subsequent amendments to the Original Complaint. (See Dkt. Nos. 9, 12, 21.).

4.      On January 15, 2025, this Court granted Plaintiffs' request for leave to file their Third Amended Complaint. (Dkt. Nos. 14, 21).

5.      In attempting to serve the Third Amended Complaint on Defendants, Plaintiffs obtained reason to believe that Defendants' registered agent and co-Defendant Danny Crocker was no longer at his last known address.

6.      The Court ordered on July 30, 2025, in denying Plaintiffs' Motion for Default Judgment, that "if Plaintiffs know or have reason to believe that Defendant Danny Crocker no longer lives at [his last known address], Plaintiffs may not effect alternative service [of its Third Amended Complaint] by the means authorized in the Court's prior order and must attempt personal service of Defendants before moving for any alternative service." (Dkt. No. 19 at pg. 4).

7.      In November and December 2025, undersigned counsel repeatedly and personally left voicemails on an active telephone number believed to be owned by Danny Crocker.

8.      Undersigned counsel has also personally attempted to notify Mr. Crocker about Plaintiffs' claims via the e-mail he used while employing Plaintiffs, but has received no response.

9.      On November 20, 2025, Plaintiffs obtained a picture via social media of Defendant Danny Crocker in what appears to be a uniform of the police department in Texarkana, Texas. Plaintiffs then attempted to locate Mr. Crocker in the Texas Commission on Law Enforcement

database unsuccessfully.

10.      On January 24, 2026, by request of Plaintiffs to the Clerk of the Court, the Court issued a Summons for Defendant Danny Crocker (Dkt. No. 24).

11.      Plaintiffs forwarded the issued summons to their process server, Kevin Blandford at KAB Process, who ran a skip trace for Mr. Crocker, which revealed a recent address of 7108 Dandelion Drive, Aubrey, Texas 76227 in Denton County, Texas.

12.      On January 28, 2026, KAB Process contacted a process server in the Aubrey, Texas area and forwarded the issued summons and supporting documents to Brian Bankowski for service.

13.      As indicated in the "Due Diligence Affidavit" of Brian Bankowski, the attempt at service was unsuccessful.  *See* Ex. "A".

14.      As indicated in the "Affidavit of Delivery Attempts" of Kevin Blandford of KAB Process,  Mr. Blandford has conducted an extremely extensive investigation to locate Mr. Crocker. *See* Ex. "B".

15.      As indicated in the "Affidavit of Delivery Attempts" of Kevin Blandford, on March 12, 2026, Mr. Blandford spoke with Dara Cornett, an administrative employee of the Texarkana Arkansas Police Department who confirmed that Mr. Crocker is currently a cadet in their police academy.  However, Ms. Cornett could not say where the academy was being held but that the academy class will be in training for another six weeks.

16.      All attempts to locate and serve Danny Crocker are included in the attached Affidavits.  Despite multiple and extensive attempts and investigation, as reflected in the attached affidavits, Plaintiffs were unable to effectuate service on Mr. Crocker

## II.
## LAW & ANALYSIS

17.    For service of lawsuits on individuals within the United States, federal procedure authorizes service in accordance with state law rules where the Court resides.  Fed. R. Civ. P. 4(e)(1).  Pursuant to Fed. R. Civ. P. 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Texas law is therefore applicable for service of process in this case.

18.    Texas law also authorizes service of process in any other manner that the affidavit or other evidence shows will be reasonably effective to give the Defendants notice of the suit.  Tex. R. Civ. P. 106(b)(1) (permitting service by leaving "a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement"; *Paul v. ATX Lender 5, LLC*, No. 03-21-00346-CV, 2023 Tex. App. LEXIS 953, at *7 (Tex. App.—Austin Feb. 15, 2023, no pet. h.) (permitting service by affixing petition and citation to the gate of Defendant's residence); *see also*, *In re K.J.B.*, No. 09-14-00324-CV, 2015 Tex. App. LEXIS 6477, at *14 (Tex. App.—Beaumont June 25, 2015, no pet.).

19.    As he did with the Original Complaint, Mr. Crocker continues to evade service of the Third Amended Complaint. Plaintiffs have attempted personal service on his last known address, have attempted to contact him via telephone, have researched his possible employer, and have run a skip trace on Mr. Crocker, but have been unable to effectuate personal service as of the date of this Motion.

## III.
## CONCLUSION

20.    Given the foregoing, and the long history of difficulty in locating and serving Defendant, Plaintiffs asks the Court to determine the most prudent way to effectuate service on

Defendant within the federal rules of civil procedure.

Dated: <u>3/25/2026</u>

Respectfully submitted,

**KAPLAN LAW FIRM, PLLC**
2901 Bee Cave Rd., Suite G
Austin, TX 78746
Phone: (512) 553-9390
Fax: (512) 692-2788

<u>/s/ *Austin Kaplan*</u>
Austin Kaplan
Texas Bar No. 24072176
akaplan@kaplanlawatx.com
Trenton Lacy
Texas Bar No. 24106176
tlacy@kaplanlawatx.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

On March 25, 2026, Plaintiffs' counsel submitted the foregoing document through the Eastern District's CM/ECF system.

<u>/s/ *Austin Kaplan*</u>
Austin Kaplan